UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MELVIN MAZARIEGOS,**

    Plaintiff,

v.                                          Case No. 19-2165

**MEMMEX, INC. d/b/a SALSA COCINA
MEXICAN RESTAURANT, CESAR PARRA, and
DAVID PARRA,**

    Defendants.

---

## COMPLAINT UNDER THE FLSA

---

Plaintiff Melvin Mazariegos ("Plaintiff"), through his attorneys, brings this action against Defendants MemMex, Inc. d/b/a Salsa Cocina Mexican Restaurant, Cesar Parra, and David Parra (collectively, "Defendants") under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation.

## I. JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## II. FACTS

### A. Parties

2. Plaintiff Melvin Mazariegos is an adult resident of Memphis, Tennessee. During the applicable statutory period, Plaintiff worked as a prep cook and cook for Defendants.

3. Defendant MemMex, Inc. d/b/a Salsa Cocina Mexican Restaurant ("Salsa Cocina") is a for-profit corporation formed and organized under Tennessee state law and

currently doing business at 6150 Poplar Ave, Suite 129, Memphis, TN 38119.

4. At all relevant times herein, Defendant Salsa Cocina was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant Salsa Cocina is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. Defendants Salsa Cocina is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant Salsa Cocina is a restaurant and bar and has annual sales of not less than $500,000.

7. Defendant Cesar Parra is the owner and manager of Defendant Salsa Cocina, and at all times herein, he has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d). Defendant Cesar Parra acted directly in the interest of Defendant Salsa Cocina in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at a rate of one and one-half times Plaintiff's hourly rate for time worked in excess of forty hours in a work week. Defendant Cesar Parra is believed to be a resident of Memphis, Tennessee.

8. Defendant David Parra is the general manager of Defendant Salsa Cocina, and at

all times herein, he has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d). Defendant David Parra acted directly in the interest of Defendant Salsa Cocina in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at a rate of one and one-half times Plaintiff's hourly rate for time worked in excess of forty hours in a work week. Defendant David Parra is believed to be a resident of Memphis, Tennessee.

### B. Factual Allegations

9. Plaintiff brings this action on behalf of himself as authorized under 29 U.S.C. § 216(b).

10. Plaintiff was employed by Defendants as a prep cook and cook at Salsa Cocina, located at 6150 Poplar Ave, Suite 129, Memphis, TN 38119, during the applicable statutory period. Plaintiff began his employment with Defendants in 2015. Plaintiff's primary responsibilities and duties consisted of the preparation of food for the restaurant's customers. He had no authority to hire or fire employees, and his opinion of whether employees should be hired or fired was given no weight by Defendants.

11. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than $7.25 per hour and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

12. Beginning in 2016 and until the June 23, 2018, Plaintiff regularly worked between 55-70 hours per week. As compensation, Defendants paid Plaintiff $13 per hour regardless of the number of hours worked in a week.

13. Plaintiff was not paid at the overtime rate of 1.5 times his hourly rate for hours worked in excess of 40 hours per week.

14. From August 2018 until Plaintiff's employment ended in or around October 2018, Defendants paid Plaintiff a salary. Despite being categorized as a salaried or exempt employee by Defendants, Plaintiff was not subject to any FLSA exemption and thus was due overtime at a rate of one and one-half his hourly rate for all time worked in excess of 40 hours per week.

15. The exact amount of unpaid overtime wages will be calculated during discovery, but Plaintiff estimates that he is owed unpaid overtime compensation to date of no less than $15,000.00.

16. As a result of its actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1) with respect to Plaintiff. Thus, Plaintiff suffered a loss of wages.

17. Further, Defendants have failed to make, maintain, and preserve records of all of Plaintiff's daily hours worked, his hours worked in each work week, and his total amount of overtime worked. By failing to accurately record and preserve records of all hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

18. The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendants for an amount equal to unpaid back wages at the applicable overtime rates;

2. Judgment against Defendants that its violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

6. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

7. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/Bryce W. Ashby
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
Email: bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF